**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
Ambrose, et al.,                                              :

                        Plaintiffs,                    : **REPORT AND RECOMMENDATION**

                  - against -                    :     **10cv4946 (CS)(LMS)**

City of White Plains, et al.,                                 :

                      Defendants.                    :
--------------------------------------------------------------x

**TO: THE HONORABLE CATHY SEIBEL, U.S.D.J.**

Currently before the Court is Defendants' Rule 37 motion to strike the complaints and/or dismiss the claims of Plaintiffs Michael Budnar, Robert Calli, George Craig, George Curry, Dennis Galinski, Vincent Giglio, Roland Graham, Thomas Kelly, Frank Lanza, Stewart Lee, Joseph Mandarine, John Neil, Craig Nightingale, John Nolan, William D. O'Keefe, Stacey Seba, Donald Stanley, Richard Smith, Linda Steel, Steven Trebing, Robert Von Voorhies, Donald Westlake, Richard Yantz, the Estate of Clyde Minella, and Henry Rice–two local Plaintiffs and the 23 out-of-state Plaintiffs who were the subject of the Court's Order on the motions for protective orders–as a sanction for their failure to comply with the Court's discovery orders. Docket # 314.  For the reasons that follow, I conclude, and respectfully recommend that Your Honor should conclude, that the motion should be granted as to the Estate of Clyde Minella, denied as to all the other Plaintiffs, and that the depositions of these Plaintiffs should be scheduled and conducted no later than 60 days following the issuance of Your Honor's decision on this Report and Recommendation.  Plaintiffs should be placed on notice that their failure to appear for a deposition within the aforementioned 60-day period shall result in the dismissal of their claims without the need for any further motion practice.  Finally, Plaintiffs' counsel, whose

inept handling of discovery in this case has led to this motion, should be ordered, pursuant to Rule 37(b)(2)(C), "to pay the reasonable expenses, including attorney's fees, caused by the failure" to abide by the Court's orders issued during the April 27, 2016, conference.

## BACKGROUND

Although the action was commenced in 2010, due to amendments to the complaint and extensive motion practice, a Case Management Plan and Scheduling Order was not entered until December 27, 2013, Docket # 146.[1]  Thus, as Plaintiffs' counsel correctly points out, discovery did not get underway until 2014.  Nonetheless, from the beginning, Plaintiffs' counsel experienced substantial difficulties managing a case of this size.

In a letter to the Court dated October 27, 2014, Defendants' counsel informed the Court that Defendants had served discovery requests upon Plaintiffs on April 22, 2014.  Docket # 173. The only response to those discovery requests was a one-page letter to the Court dated April 28, 2014, Docket # 155.  On August 13, 2014, the Court had adopted the parties' agreement extending Plaintiffs' time to respond to all of Defendants' outstanding discovery requests to September 30, 2014, Docket # 165, but as of the October 27 letter, Defendants had not received any responses to their discovery requests from Plaintiffs.  Plaintiffs sent a letter to the Court on October 29, 2014, requesting an extension of time to serve their discovery responses to December 7, 2014, and an extension of time to complete all of the Plaintiffs' depositions by

---

[1]Following a court conference conducted before Your Honor on April 30, 2014, at which discovery deadlines were extended for two months and Plaintiffs' counsel was directed to submit an amended scheduling order to the Court, see Docket Sheet, Minute Entry for 04/30/2014, a second Case Management Plan and Scheduling Order was entered on May 15, 2014, which set a deadline for the completion of all fact discovery at June 24, 2015.  See Docket # 156.

September 15, 2015,[2] Docket # 174.  Your Honor endorsed that letter, stating "I need to know more about why discovery has been stalled for so long," and scheduled a conference for November 6, 2014.  Id.

In its opposition to the instant motion, Plaintiffs' counsel seeks to excuse its conduct based on the fact that it is a small law firm with only a few attorneys; as early as the November 6, 2014, conference, Your Honor admonished Plaintiffs' counsel for their inability to get work done on the litigation due to staffing issues.  In response to Plaintiffs' counsel's statement that "there's just been too many moving parts for us right now," Your Honor responded, "Maybe you need some help.  Maybe you need to get Mr. Pirro[3] or someone in his office back involved.  There's a lot of players here.  You have been off a lot."  Docket # 183 ("November 6 Tr.") at 5.  Your Honor later added, "I'm going to ask you for a commitment to which you will be held.  If you have to go out and hire contract attorneys or temporary help to get it done you're going to get it done.  Make a commitment to me as to when you're going to answer the [document demands and interrogatories]."  Id. at 6.  Your Honor set a deadline of November 30, 2014, for Plaintiffs' counsel to provide responses to Defendants' counsel "[c]ome hell or high water."  Id.  At a subsequent point in the conference, Your Honor extended the deadline for Plaintiffs to respond to Defendants' discovery demands to December 5, 2014.  Id. at 8 ("You know what, I'm going to make it December 5th just because that way you have a whole month and we're not going to have any problems.").

---

[2]According to the Case Management Plan and Scheduling Order, all depositions were to have been completed by May 31, 2015.  See Docket # 156.

[3]Five attorneys, including Albert J. Pirro, are listed on the docket sheet as representing Plaintiffs.  The only one of those five who has appeared in this matter before the undersigned is Joseph Maria, assisted by his colleague, Frances Marinelli.

On November 20, 2014, the case was referred to the undersigned for general pretrial

supervision, Docket # 187.  On December 10, 2014, a conference was held at which the Court

addressed the then-outstanding discovery disputes.  At that conference, the Court ordered,

> Plaintiffs must each provide documentation about their status with
> Medicare, including, but not limited to, a copy of their Medicare card,
> unless it has already been produced.  Plaintiffs must each provide an
> authorization for their IRS records for the relevant time period, including,
> unless already produced, copies of their tax returns, W-2 forms and 1099
> forms.  Plaintiffs must each provide information about whether they have
> had any insurance plan available to them since their retirement, either in
> addition to or in place of the White Plains plan, including any availability
> through employment or through a spouse or other family member, and if
> so, what the plan was, what the circumstances of its availability were, and
> whether the employee took the additional plan, and if so, the costs
> associated.  **For those plaintiffs who have not yet produced any
> documents, if no documents are produced in accordance with this
> order, within two weeks, by December 24, 2014, then they may be
> subject to dismissal of their claims.  If there is a need to reorder the
> depositions in order to depose plaintiffs for whom full documents
> have been provided, then counsel shall work together to schedule such
> depositions.  Any plaintiffs who are not able to schedule their
> deposition shall face potential dismissal, so long as a reasonable notice
> period is given for the rescheduled deposition.**  If there is a need to
> reopen or continue depositions because of any delay in production of the
> demanded documents, then plaintiffs shall pay the costs of reopening the
> deposition, including the cost of a court reporter and the cost of one
> defense counsel appearing during such reopened or continued deposition
> during the questioning by either defense counsel or plaintiff's counsel, not
> inclusive of preparation and travel time costs.

Docket Sheet, Minute Entry for 12/10/2014 (emphasis added).

On January 8, 2015, Defendants filed a letter, seeking Your Honor's permission to file a

motion to dismiss "with regard to 69 plaintiffs in this matter a result of their failure to provide

discovery responses despite several court orders that they do so."  Docket # 194 at 1.  Defendants

noted that at the November 6, 2014, conference, Your Honor had ordered Plaintiffs to provide

responses to Defendants' interrogatories and document requests by December 5, 2014, but while

they received responses "from all but 20 of the 167 remaining plaintiffs in this case[,]. . . [these responses] were largely deficient, many of them consisting of nothing more than a 'form' response with a promise to produce relevant documents at a later, unspecified, date." Id. Defendants added that because of these deficiencies, "during a discovery conference before Magistrate Judge Smith on December 10, 2014, the plaintiffs were ordered to supplement their prior production no later than December 24, 2014 or 'face dismissal of their claims.' " Id. Defendants explained that on December 24, 2014, "some, but not all, of the plaintiffs provided supplemental discovery responses.  Then, on December 30, 2014, 12 additional plaintiffs provided supplemental discovery responses." Id. at 1-2.  Nonetheless, Defendants stated that as of January 8, 2015, 20 plaintiffs "have not even produced a discovery response, let alone documents responsive to the City's demands for documents." Id. at 2.  Furthermore, 49 plaintiffs "have produced nothing more than a 'form' response, which consists of identical answers to the interrogatories and a promise to produce documents at a later, unspecified, date." Id. Defendants argued that since these 69 plaintiffs were "in direct violation of two Court orders to produce discovery responses by dates set forth by this Court . . . their claims should be dismissed since these plaintiffs have demonstrated to the Court their unwillingness to prosecute their own claims." Id.  Finally, Defendants noted that 30 of these Plaintiffs were scheduled to be deposed between January 8, and May 22, 2015, "but the City cannot move forward with those depositions without a discovery response." Id.  Thus, Defendants sought permission to file a motion to dismiss these 69 Plaintiffs "due to their failure to engage in the discovery process." Id.

Your Honor endorsed Defendants' letter, stating, "Pre-motion conference to be held on: 2-20-2015 @ 10:00 A.M.  Opposing counsel to state position (by letter not to exceed 3 pages) in writing one week in advance." Id. at 1.  On February 13, 2015, Plaintiffs filed a responsive letter

in which they stated, "Dismissal is a harsh remedy and should not be considered at this time. Every effort has been made to communicate with all the plaintiffs in this action and, although we acknowledge the deadline set by the Court has expired, we have been successful to a great degree." Docket # 196 at 1. Plaintiffs noted that "there is no prejudice to Defendants at this time," and added, "Should it become clear that those plaintiffs we have yet to contact are not interested or do not wish to cooperate, we will so advise the Defendants and the Court." Id. at 2.

At the February 20, 2015, conference, Your Honor ordered Defendants to prepare an order to show cause listing the names of the 44 Plaintiffs from whom no discovery responses at all had been forthcoming, directing that those Plaintiffs show cause in writing by March 13, 2015, why they should not be dismissed from the action. See Docket # 205 (February 20, 2015, Transcript) at 7-8. Your Honor stated, "I'm interested now, given the number of orders from Judge Smith, I'm interested not just in getting the information but in why – I'm also interested in the diligence of the plaintiff because it seems like the time has passed for orders that are designed to get the information." Id. at 8. At the end of the conference, Your Honor explained, "These folks have had a long time, and if they can show cause why I shouldn't dismiss, I won't dismiss, but if they can't, I think it's time to narrow the field." Id. at 14.

Following the parties' submission of papers, as well as a show cause hearing held on April 10, 2015, Your Honor dismissed with prejudice the claims of 32 Plaintiffs or their estates, Docket # 207. Thereafter, on August 26, 2015, Your Honor dismissed with prejudice the claims of two additional Plaintiffs based on their failures to comply with verbal orders that Your Honor issued during the April 10, 2015, show cause hearing which had directed a number of Plaintiffs to produce complete discovery responses by certain dates. See Docket # 210. At the same time, Your Honor vacated the order dismissing one of the Plaintiffs following the show cause hearing

6

and restored that person as a Plaintiff.  Id.

In the meantime, Defendants had begun taking Plaintiffs' depositions in January, 2015, and continued to do so throughout 2015.  Loomba Affirmation ¶ 9 ("Between January 5, 2015 and December 28, 2015, Defendants took the depositions of 104 plaintiffs."); Marinelli Affirmation (Docket # 323) ¶ 29 ("With the exception of the 23 out-of-state Plaintiffs who are the subject of this motion, three local elderly and medically impaired plaintiffs, and one estate plaintiff, all depositions were completed by November 24, 2015.").  Defendants had noticed the depositions of all Plaintiffs in the case, including the Plaintiffs who are the subject of the instant motion, on November 21, 2014.  See Loomba Affirmation ¶ 8 & Ex. A.  Issues arose with respect to scheduling the depositions of four local Plaintiffs.  In addition, a dispute arose as to the location of the depositions of 23 out-of-state Plaintiffs.  Consequently, on December 16, 2015, the out-of-state Plaintiffs filed motions for protective orders, seeking to have their depositions taken telephonically.  Docket ## 228, 230, 232, 234, 235, 237, 239, 241, 243, 245, 247, 249, 251, 253, 255, 257, 259, 261, 263, 265, 267, 269, 271, 273.  On April 22, 2016, the Court granted the motions for protective orders and directed that the out-of-state Plaintiffs' depositions be taken either "telephonically (or by videoconference at Defendants' expense within 50 miles of Plaintiffs' residences)."  Docket # 294 ("April 22 Order") at 7.  In deciding the motions, however, the Court observed that due to the parties' inability to resolve this dispute amicably, "progress in taking these depositions, and thus bringing discovery to a conclusion, has been stymied for approximately eight months, and the Court has been presented with voluminous papers to consider in order to resolve a rather straightforward issue."  Id. at 2 (footnote omitted).  As the Court noted,

Defendants' counsel represented to Judge Seibel on October 14, 2015, in

> seeking an extension of the discovery schedule, that during the pendency
> of the motions, "the parties intend to complete any outstanding discovery
> that is not related to the motion(s) so as to avoid any additional requests
> for an extension of time to complete discovery."  Docket # 220.  Thus,
> these motions have been a major stumbling block–if not the only
> stumbling block–to the completion of discovery in this case.

Id. n.4.[4]  The Court concluded, "Given the unfortunate delay in the completion of discovery

occasioned by this motion practice, the Court directs that the foregoing depositions shall be

completed by no later than June 30, 2016."  Id. at 7 (emphasis in original).

Prior to the issuance of the Court's decision on the motions for protective orders, on April

1, 2016, Defendants' counsel filed a letter, setting forth the results of the parties' March 29, 2016,

meet and confer conference related to outstanding discovery issues, Docket # 292.  According to

the letter, the parties were going to complete the still outstanding depositions of four local

Plaintiffs, including the Estate of Clyde Minella and Henry Rice, by April 26, 2016; Plaintiffs

were going to produce all outstanding documents owed by the 23 out-of-state Plaintiffs by May

6, 2016; and Plaintiffs were going to produce all outstanding documents owed by 110 other

Plaintiffs by May 15, 2016.  Id.  If this discovery was not completed by the aforementioned

dates, Defendants' counsel stated that they would notify the Court.  Id.

Thereafter, the parties appeared for an in-person conference on April 27, 2016.  At that

conference, the Court stated, "Plaintiffs are directed to provide at least three dates for the

depositions of the four local plaintiffs identified in [Defendants' counsel's] letter of May 1[st][5], for

the estate it would have to be a representative of the estate, that's the estate of Clyde Minella, no

---

[4]Unfortunately, as is apparent from an April 1, 2016, letter filed by Defendants, the
parties were still struggling to complete all outstanding discovery unrelated to the motions.  See
Docket # 292.

[5]This is an error; Defendants' letter was dated April 1, 2016.  See Docket # 292.

later than May 6."  Loomba Affirmation (Docket # 315) Ex. D (April 27, 2016, Transcript) at 8.

The Court further ordered, "If there's good cause for the failure to provide those three dates, then

a letter motion must be made by plaintiff, plaintiffs' counsel to the Court for extra time no later

than five p.m. on May 6.  Defendant's counsel may respond to any such letter by 5:00 p.m.

Wednesday, May 11."  Id. at 8-9.

At the conference, the Court also addressed the missing discovery responses from the 23

out-of-state Plaintiffs as follows:

> counsel should confer with one another so you're absolutely certain that
> you know what you're talking about so that plaintiffs can make sure to fill
> in the missing pieces, but the same order applies.  Because there was an
> agreement at the meet-and-confer to submit those missing documents for
> those 23 plaintiffs by May 6, those will also have to be produced to
> defendant's counsel no later than May 6.

Id. at 9.  The Court directed counsel for Defendants to "provide location information for the

place where each [out-of-state] plaintiff would be expected to appear, . . . provide that to

plaintiffs' counsel by about May 4th."  Id.  Plaintiffs' counsel was then ordered "to provide at least

three dates for each of those 23 plaintiffs no later than May 10.  Or, again, make a letter motion

to the Court."  Id.  The Court then stated, "Failure to comply with these requirements may result

in the Court granting permission to defendants to make motions to dismiss as to those plaintiffs."

Id. at 9-10.

On May 11, 2016, Defendants sent a letter to the Court, seeking permission to file

motions to dismiss the claims of the 23 out-of-state Plaintiffs as well as two of the local

Plaintiffs who had not yet been deposed.  Loomba Affirmation Ex. E ("May 11 Letter").  As of

that date, none of the 23 out-of-state Plaintiffs had provided any dates on which their depositions

could take place.  Id.  Attached to the May 11 Letter as Exhibit B is a letter dated April 29, 2016,

that Defendants' counsel sent to Plaintiffs' counsel, noting specific documents that had still not been provided by Plaintiffs, both local and out-of-state, and providing location information for all of the out-of-state Plaintiffs' depositions.  Defendants' counsel reminded Plaintiffs' counsel in the letter of the Court's directive that they needed to provide "three alternative dates for the deposition of each of the above-named [out-of-state] plaintiffs . . . [by] no later than May 10, 2016."  Id.  Defendants' counsel added, "The failure to comply with this order could subject the claims of such plaintiff to dismissal."  Id.

Plaintiffs did not respond to the May 11 Letter until June 9, 2016, when they wrote a letter to the Court, which was not filed until the next day.  In their letter, Plaintiffs agreed to withdraw the claims of one of the local Plaintiffs who had not yet been deposed.  Loomba Affirmation Ex. F.  In addition, they stated that despite numerous attempts, they had not been able to get in touch "over the past year" with a representative of the Estate of Clyde Minella, one of the two remaining local Plaintiffs who had yet to deposed, and that the other remaining local Plaintiff, Henry Rice, could not be deposed since he suffers from advanced Alzheimer's disease, but that one of his sons has Power of Attorney and helped to provide copies of Rice's tax returns.  Id.  After describing the documents that Plaintiffs had produced between April 27 and May 6, Plaintiffs' counsel stated,

> We are a small office with three attorneys.  This is a complex case which does not lend itself to bringing in outside counsel.  We have provided the discovery as quickly as humanly possible and without the aid of our chief liaison throughout the course of the lawsuit who, as we have previously advised the Court, suffered a life changing injury and is unable to assist us.

Id.  Although Plaintiffs' counsel stated that the depositions of the out-of-state Plaintiffs "must be scheduled," id., he did not provide any proposed dates for such depositions.

10

In response, Defendants' counsel submitted a letter to the Court on June 10, 2016, arguing, "Plaintiffs' blatant and continuing failure to comply with a direct Court order warrants dismissal of their claims.  In the alternative, plaintiffs should be precluded from offering evidence in opposition to a motion for summary judgment and/or at trial."  Loomba Affirmation Ex. G.

The Court held a scheduled status conference on June 24, 2016.  At that time, the following colloquy took place:

> MS. MARINELLI [Plaintiffs' counsel]:  With respect to those three [local] plaintiffs, your Honor, Mr. Day's deposition was conducted.  (Unintelligible) another one has decided to withdraw.  And the estate of Mr. Minella, we simply have not been able to make any contact whatsoever through every source we've tried.  So that's our -- unfortunately.  I don't know if that's good cause, but that was the problem.

> THE COURT:  Well, you didn't bring it to my attention by May 6th.  So how can it be good cause?  You've been given so many extensions, Ms. Marinelli.  I know part of your excuse here is that you're a small law office.  Well, there's lots of attorneys out there willing to work as temps to help out on these cases.  I don't see how any further extension could possibly be justified.  I said failure may result in motions to dismiss, and reduced that specifically to my notes.  I don't know what I'm supposed to do here.
> . . .

> THE COURT: Well, with regard to the local plaintiffs, I think I gave counsel more than adequate warning.  In the interim between May 6th and today, no effort has been made except in response to Mr. Loomba's letter.  And even in that response, there's no application to the Court.  I think it's too little too late, Ms. Marinelli.  I'll give Mr. Loomba permission to make the motion to dismiss as to the estate of Clyde Minella and Plaintiff Henry Rice. . . .

Loomba Affirmation Ex. H ("June 24 Tr.") at 3-5.  The issue of the 23 out-of-state Plaintiffs was addressed as follows:

> THE  COURT:  All right.  With regard to the other 23, I'm not clear.  Basically, as far as I can tell, your excuse, Ms. Marinelli, is that

you're a small office, and that the defendants aren't prejudiced.  But the
orders of the Court: "Eh, well, too bad, so sad."

    MS. MARINELLI:  No, your Honor, that's not – that's not
certainly our position with respect to the orders of the Court. And I'm
going to take responsibility for the fact that we did not reply with respect
to the locations for the 23 plaintiffs' depositions, because we were
concentrating on getting all this outstanding discovery from many of these
plaintiffs from all over.  And unfortunately, I just – I overlooked it, and I
need – I just – I respectfully request a little time to organize and figure out
which plaintiffs can go where to these offices when, and get that
information to the defendants.  I can't – I have no other –
    You know, we worked hard to get all the outstanding discovery.
You know, it wasn't easy.  We are a small office.  There's no question
about that.  And we certainly did not intentionally not provide or not try to
cooperate.

    THE COURT:  And so you think, out of the goodness of my heart,
I should yet again, in this six-year-old case, grant you an extension that
you didn't timely request.  You were here the last time.

    MS. MARINELLI:  I'm sorry, your Honor.  I just – I really didn't –
I forgot that part.

Id. at 5-6.  Defendants' counsel noted that between his June 10, 2016, letter and the June 24,

2016, conference, Plaintiffs' counsel still failed to provide dates for the out-of-state Plaintiffs'

depositions.  Id. at 8.  Noting that the discovery deadline was June 30, 3016, Defendants' counsel

renewed his request to be allowed to move to dismiss the claims of the 23 out-of-state Plaintiffs,

or to have them precluded from submitting affidavits in response to a summary judgment motion

or from testifying at trial.  Id.

    The Court then rebuked Plaintiffs' counsel for not understanding the Court's frustration,

    because if you did, you wouldn't have forgotten that I threatened you with
granting permission for motions to dismiss.  You don't understand, Ms.
Marinelli.  You just think that you'll keep on offering excuses, which are
not excuses, "It's overwhelming to our law office."  Law office failure is
not an excuse, and "I forgot."  That's hardly [sic] a pen and paper so you
can write it down so you don't forget.  And that's why we have docket
sheets with memos to the docket clerk.

Id. at 9.  The Court concluded, as follows:

> I don't think I have any choice, Ms. Marinelli.  I just don't think I have any choice.  I have to give defendants permission to move to dismiss.  I gave you fair warning.  I don't think it was unclear.  I don't have a transcript of that proceeding, but I do have fairly clear notes that failure – and I gave you an opportunity to ask for extra time if there was good cause.  I gave you that opportunity.  I think you've put me behind the eight ball.  I've bent as far as I can.  And I feel bad for the plaintiffs, because none of them did something wrong.  But counsel has an obligation to comply with the orders of the Court, especially in a case that's this old.
>
> (Pause)
>
> THE COURT:  And it's a circumstance where, as Mr. Loomba said, that the discovery deadline is looming.  Those 23 depositions couldn't have been conducted between now and June 30th.
> All right.  I think I – it is with reluctance, but I will give defendants permission to move to dismiss for those 23 plaintiffs.

Id. at 9-10.  The Court then set a briefing schedule for the motion to dismiss, ordering

Defendants to file their motion by July 15, 2016, Plaintiffs to file their opposition by August 5,

2016, and Defendants to file their reply, if any, by August 23, 2016.  See Docket Sheet, Minute

Entry for 06/24/2016.

Finally, when the question of Plaintiffs' depositions of Defendants was raised at the June

24 conference, it became evident that Plaintiffs had never scheduled these depositions, despite

Your Honor's order at the November 6, 2014, conference that depositions other than those of

Plaintiffs were to be scheduled by January 15, 2015, at the latest, and were to take place between

May 15, 2015, and October 15, 2015.  See November 6 Tr. at 11-13.[6]  This order was followed

---

[6]It is a bit unclear from the transcript whether Plaintiffs were to schedule the depositions of Defendants by December 15, 2014, or by January 15, 2015.  Thus, at one point, Your Honor stated to Plaintiffs' counsel, "So by November 30th identify the defense witnesses that you're going to want to depose and let's get those scheduled by December 15th."  November 6 Tr. at 8.  However, at a later point in the conference, Your Honor stated to Defendants' counsel,

by a second order from Your Honor at a conference held on November 20, 2014, at which time

you directed, "Plaintiffs' counsel to give all names he can think of by 12/5/14, and if the 1/5/15

disclosure tells him something he didn't know, he can supplement by 1/19/15.  Depositions

should be scheduled on a similar time frame as to names disclosed 12/5 and 12/15.  Any new

names that come up on 1/5/15 should be scheduled by 2/20/15."  Docket Sheet, Minute Entry for

11/20/2014.  At the June 24 conference, the following colloquy took place:

> MR. LOOMBA [Defendants' counsel]: . . . And [Judge Seibel] had
> provided a particular deadline for Mr. Maria to give us a list of the
> individuals that he wanted to depose, and then a schedule for those
> depositions.  And I do believe that in December of 2014, a list was
> provided.  And then by mid-January of 2015, or maybe, you know, at the
> very latest, by mid-February 2015, he was required to provide us with a
> schedule for the depositions of defendants that he wanted to depose.
>
> After he gave us that list in December of '14, there has been
> complete radio silence from Mr. Maria's office with respect to deposing
> defendants.  We have been – as you know, we have been going back and
> forth with your Honor regarding extensions of time, trying to schedule
> plaintiffs' depositions, and so forth.  And multiple letters have been
> written to the Court regarding various discovery issues.  We've had
> conferences.  Not once, until just three seconds ago, did they bring up the
> fact that they wanted to take the defendants' depositions.  And so we
> would vehemently oppose any extension of the discovery deadline to
> allow for that.  At this point, our position is, they have waived their right
> to depose the defendants.
>
>                 . . .
>
> ─────────────
>
> But let's do this.  By November 8th plaintiff will identify all the witnesses
> it wants.  And once you get that list, if there are people that you're going
> to want to depose who aren't on it and other than plaintiffs identify them
> by December 15th.  Then by May 15, 75 percent of the plaintiff
> depositions have to be done.  Then between . . . May 15th and October
> 15th all the other witnesses and the remaining plaintiffs have to get done.
> And the remaining, the other witnesses who will be deposed between May
> 15th and October 15th must be scheduled by January 15th.

Id. at 12.  Either way, Plaintiffs had until January 15, 2015, at the latest, to schedule the
depositions of Defendants.

> MS. MARINELLI: . . .
>           I don't agree with that statement, and we will formally request an extension of time.  We're certainly not waiving the depositions of the defendants in this matter.
>
> THE COURT:  Well, you may have done so just by sitting on your hands.

June 24 Tr. at 12-13.  The Court ended up extending the discovery deadline

> by two weeks only, to July the 15th, for plaintiff to attempt to schedule the eight defendants' depositions.  Each of those depositions is limited to no more than four hours. . . .
>           . . .
>           Plaintiffs' counsel is to make themselves available on any dates defendant offers between now and July 15th.  If you've got to hire outside counsel to conduct those depositions because you've got conflicts, that's what you're going to have to do.  Otherwise, you're done, and the depositions will be waived.

Id. at 16.  Thereafter, upon a motion filed by Defendants, Your Honor issued an order for

Plaintiffs to show cause as to why the oral ruling extending the discovery deadline so that

Plaintiffs could conduct the depositions of the named Defendants should not be set aside, Docket

# 304.  At a show cause hearing held on July 1, 2016, Your Honor vacated the ruling.  Docket

Sheet, Minute Entry for 07/01/2016; see Docket # 318.  Thus, Plaintiffs have been precluded

from deposing Defendants' witnesses, due to the delay described above.

## DISCUSSION

### I.    Sanctions under Rule 37

A Court may order sanctions under Rule 37(b)(2)(A) "[i]f a party . . . fails to obey an

order to provide or permit discovery."  Fed. R. Civ. P. 37(b)(2)(A).  Possible sanctions may

include the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

15

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).  A court may also order sanctions, including any of those set forth in Rule 37(b)(2)(A)(i)-(vi), if a party "fails, after being served with proper notice, to appear for that person's deposition."  Fed. R. Civ. P. 37(d).  Furthermore, "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); see also Fed. R. Civ. P. 37(d)(3) ("Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").

"Numerous factors are relevant to a district court's exercise of its broad discretion to order sanctions under Rule 37, including (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of his [or her] non-compliance."  Nieves v. City of New York, 208 F.R.D. 531,

16

535 (S.D.N.Y. 2002) (citing <u>Bambu Sales, Inc. v. Ozak Trading Inc.</u>, 58 F.3d 849, 852-54 (2d

Cir. 1995)).  However, "these factors are not exclusive, and they need not each be resolved

against the party challenging the district court's sanctions for us to conclude that those sanctions

were within the court's discretion."  <u>S. New England Tel. Co. v. Global NAPs Inc.</u>, 624 F.3d 123,

144 (2d Cir. 2010) (citation omitted).  "The district court is free to consider the full record in the

case in order to select the appropriate sanction." <u>Id.</u> (internal quotation marks and citations

omitted).

## II.   <u>Analysis</u>

Defendants seek "an Order, pursuant to Rules 37(d) and 37(b)(2)(A)(iii) and (v) of the

Federal Rules of Civil Procedure . . . striking the complaints and/or dismissing the claims, in

whole, of the following plaintiffs: Michael Budnar, Robert Calli, George Craig, George Curry,

Dennis Galinski, Vincent Giglio, Roland Graham, Thomas Kelly, Frank Lanza, Stewart Lee,

Joseph Mandarine, John Neil, Craig Nightingale, John Nolan, William D. O'Keefe, Stacey Seba,

Donald Stanley, Richard Smith, Linda Steel, Steven Trebing, Robert Von Voorhies, Donald

Westlake, Richard Yantz, the Estate of Clyde Minella and Henry Rice . . . "  Notice of Motion

(Docket # 314) at 2.  Although the Court allowed Defendants to make their motion based on

Plaintiffs' failure to comply with the Court's orders issued at the April 27, 2016, conference, this

failure follows a two-year discovery period, during which Plaintiffs' counsel has allowed its lack

of staffing and resources to impede progress in this case.

From the outset of discovery, Plaintiffs have had difficulty meeting deadlines, whether

agreed upon by the parties or set by the Court, and as early as December 10, 2014, the Court

informed Plaintiffs that their failure to produce documents as ordered by the Court could result

in dismissal of their claims.  Nonetheless, Plaintiffs have only acted to satisfy their discovery

obligations, and Plaintiffs' counsel has only informed the Court of difficulties it has experienced in contacting various of the Plaintiffs and handling a case of this size, when pressed by Defendants and threatened with adverse consequences by the Court.

With respect to the two local Plaintiffs and the 23 out-of-state Plaintiffs who are the subject of this motion, the Court's orders regarding the scheduling of their depositions were clear and unambiguous, and these Plaintiffs, through their counsel, were aware of the consequence of their failure to comply. Nonetheless, it was only after (i) being put on notice by Defendants' May 11, 2016, letter to the Court that these Plaintiffs had failed to provide dates for their depositions and that Defendants would seek to have their claims dismissed; (ii) ignoring Defendants' letter for almost a month and not responding until June 9, 2016; and (iii) attending the June 24, 2016, conference at which the Court granted Defendants permission to make the instant motion, that Plaintiffs finally, with less than a week to go before the deadline for the completion of discovery, provided Defendants with a list of dates for taking depositions–but then only of Plaintiffs located in Florida. See Docket # 302. "Non-compliance may be deemed willful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control." Nieves, 208 F.R.D. at 536 (internal quotation marks and citations omitted). The ability of the Florida Plaintiffs to provide dates for their depositions immediately after the June 24 conference makes their non-compliance all the more inexcusable. Neither they nor any of the other Plaintiffs have made any argument that their non-compliance with the Court's orders was due to factors beyond their control.

Instead, in opposition to the instant motion, all of the out-of-state Plaintiffs have submitted new affidavits in which they each state,

18

> I have been prepared to appear for a deposition upon learning the
> court had granted the motion for protective order . . .
>> . . . I have worked hard with my attorneys to obtain all the
> discovery requested. . . .
>> . . .
> I have a meritorious cause of action, have never intended to
> abandon this action, and I respectfully request that this court deny
> defendants' motion to dismiss my action and permit me my day in court
> and to appear for a deposition which I understand is the only outstanding
> discovery issue regarding my case.

See Marinelli Affirmation (out-of-state Plaintiffs' affidavits attached thereto).  The Court's

decision on the motions for protective orders was issued on April 22, 2016, and the Court's order

regarding the scheduling of the out-of-state depositions was issued during the conference held on

April 27, 2016.  Nevertheless, Plaintiffs' counsel did not provide dates for such depositions by

May 10, 2016, as ordered by the Court, nor did counsel demonstrate good cause as to why such

dates could not be provided by the Court's deadline, or even make an attempt to do so.

Although the Court has been, and continues to be, extremely frustrated by the dilatory

behavior of Plaintiffs' counsel that has pervaded this litigation throughout the course of

discovery, I cannot justify punishing these individual Plaintiffs for the inadequate conduct of

their counsel, and thus I consider the efficacy of lesser sanctions.  As the Second Circuit has

said, "Dismissal is a drastic remedy that should be imposed only in extreme circumstances, . . .

usually after consideration of alternative, less drastic sanctions." World Wide Polymers. Inc. v.

Shinkong Synthetic Fibers Corp., 694 F.3d 155, 159 (2d Cir. 2012) (internal quotation marks and

citations omitted).  "[I]n considering the suitability of lesser sanctions, 'it can be important for

the district court to assess the relative roles of attorney and client in causing the delay, as well as

whether a tactical benefit was sought by the delay.' " United States v. Med. Grp. Research

Assocs., Ltd., 586 F. App'x 823, 824 (2d Cir. 2014) (quoting Dodson v. Runyon, 86 F.3d 37, 40

(2d Cir. 1996)).  "When an attorney's misconduct or failing does not involve an attempt to place the other side at an unfair disadvantage, any sanction should ordinarily be directed against the attorney rather than the party, absent strong justification."  <u>World Wide Polymers. Inc.</u>, 694 F.3d at 160; <u>cf.</u> <u>Dodson</u>, 86 F.3d at 40 ("When the district court considers the appropriate sanction for failure to prosecute an action, the more the delay was occasioned by plaintiff's personal obstruction, or was designed to benefit the plaintiff's strategic interests, the more suitable the remedy of dismissal.  Conversely, the more the delay was occasioned by the lawyer's disregard of his [or her] obligation toward his [or her] client, the more this factor argues in favor of a less drastic sanction imposed directly on the lawyer.").[7]

With respect to the April 27 orders giving rise to the instant motion, the delay occasioned by the failures to provide dates for the depositions of the two local Plaintiffs by May 6 and of the 23 out-of-state Plaintiffs by May 10, leading to the failure to complete these depositions by the June 30 discovery deadline, is not so great as to place Defendants at an unfair disadvantage, nor has it benefitted Plaintiffs' strategic interests.  Rather, there is no doubt that discovery in this case overall has taken far too long to complete as a result of the actions, or inactions, of Plaintiffs' counsel.  Indeed, the 23 out-of-state Plaintiffs, when contacted by their counsel, have acted to fulfill their obligations–and have in fact fulfilled their obligations–with respect to the production of documents, as well as with the provision of affidavits in support of their motions for protective orders and, in the case of the Florida Plaintiffs, dates of availability for depositions.  There is no evidence that these 23 Plaintiffs have knowingly contributed in any way to the delays

---

[7] Although <u>Dodson</u> involved a motion to dismiss for failure to prosecute under Fed. R. Civ. P. 41(b), "the pertinent criteria for [a Rule 41(b) dismissal] largely parallel those applicable to the Rule 37 analysis."  <u>Dauphin v. Chestnut Ridge Transp. Inc.</u>, No. 06 Civ. 2730 (SHS), 2009 WL 5103286, at *2 (S.D.N.Y. Dec. 28, 2009) (citations omitted).

in discovery in this litigation.

Similarly, there is no evidence that local Plaintiff Henry Rice has knowingly contributed in any way to the delays in discovery in this litigation, nor could he, given the fact that, as Plaintiffs' counsel stated during the June 24, 2016, conference, "Mr. Rice has dementia.  We've provided a doctor's report to that extent."  June 24 Tr. at 4.  Plaintiffs' counsel argue in their opposition brief that "Plaintiff Henry Rice, who suffers from Alzheimer's, should not be penalized with dismissal because the Court was not advised of Defendants' refusal to conduct his deposition through his son who has Power of Attorney."  Mem. of Law in Opp'n (Docket # 324) at 1.  As with the out-of-state Plaintiffs, this Plaintiff has likewise acted to fulfill his obligations with respect to the production of documents; Mr. Rice's son helped provide copies of Mr. Rice's income tax returns.  See May 11 Letter.  Although Plaintiffs' counsel should have sought the Court's intervention to resolve the issue of whether Mr. Rice's son could be deposed in his stead, the Court agrees that Mr. Rice should not be penalized for this failing.

With respect to local Plaintiff Estate of Clyde Minella, however, Plaintiffs' counsel makes no argument in opposition to the instant motion, which is not surprising, given that Plaintiffs' counsel stated during the June 24, 2016, conference, "And the estate of Mr. Minella, we simply have not been able to make any contact whatsoever through every source we've tried." June 24 Tr. at 3.  In light of the foregoing, there is no knowing if or when Plaintiff Estate of Clyde Minella will ever be able to comply with any orders of the Court, and no possibility that any lesser sanction would suffice to rectify the situation.  Accordingly, I conclude, and respectfully recommend that Your Honor should conclude, that Defendants' motion should be granted with respect to Plaintiff Estate of Clyde Minella, and Plaintiff Estate of Clyde Minella's claims should be dismissed from the case.  See generally Dauphin, 2009 WL 5103286 (granting

motion to dismiss claims of plaintiffs whom plaintiffs' counsel had been unable to contact).

As to the remaining 24 Plaintiffs who are the subject of this motion, I conclude, and respectfully recommend that Your Honor should conclude, that the Defendants' motion to strike their complaints and/or dismiss their claims should be denied, and instead Plaintiffs' counsel should be ordered, pursuant to Rule 37(b)(2)(C), "to pay the reasonable expenses, including attorney's fees, caused by the failure" to abide by the Court's orders issued during the April 27, 2016, conference.  "[T]he expenses that may be recovered under [Rule 37(b)(2)] are those caused by the failure to obey an order and therefore do not include the expense of obtaining the order itself."  Harley v. Nesby, No. 08 Civ. 5791, 2012 WL 1537881, at *7 (S.D.N.Y. May 2, 2012) (quoting 8B Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2289, at 541-42 (3d ed. 2010)) (internal quotation marks omitted).  Consequently, Defendants may recover expenses incurred as a result of the failure of these 24 Plaintiffs to comply with the Court's April 27 orders concerning the scheduling of their depositions.[8]

Based on the foregoing, I conclude and respectfully recommend that Your Honor should conclude, that if Your Honor decides to adopt the recommendation of the imposition of a monetary sanction upon Plaintiffs' counsel, then Defendants' counsel should be ordered to submit to the Court, within 21 days of the date of Your Honor's decision, an application for the award of its reasonable expenses, including attorneys' fees, incurred from April 27, 2016, through the completion of motion practice on the instant motion, i.e., August 23, 2016.  See generally Harley, 2012 WL 1537881 (considering applications for attorneys' fees and costs

---

[8]Because I recommend the imposition of monetary sanctions pursuant to Rule 37(b)(2)(C), there is no need to address the imposition of monetary sanctions pursuant to Rule 37(d)(3).

submitted by defendants whose motions for sanctions had been granted).  Any such application

must include appropriate documentation of expenses incurred, and any application for attorneys'

fees must be properly supported by documented contemporaneous records of counsel's

expenditures of time as well as evidence of similar fees for similarly situated counsel in this

jurisdiction.

### CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend that Your Honor

should conclude, that Defendants' Rule 37 motion to strike the complaints and/or dismiss the

claims of Plaintiffs Michael Budnar, Robert Calli, George Craig, George Curry, Dennis Galinski,

Vincent Giglio, Roland Graham, Thomas Kelly, Frank Lanza, Stewart Lee, Joseph Mandarine,

John Neil, Craig Nightingale, John Nolan, William D. O'Keefe, Stacey Seba, Donald Stanley,

Richard Smith, Linda Steel, Steven Trebing, Robert Von Voorhies, Donald Westlake, Richard

Yantz, the Estate of Clyde Minella, and Henry Rice as a sanction for their failure to comply with

the Court's orders (Docket # 314) should be granted as to the Estate of Clyde Minella, denied as

to all the other Plaintiffs, and that the depositions of these Plaintiffs should be scheduled and

conducted no later than 60 days following the issuance of Your Honor's decision on this Report

and Recommendation.[9]  Plaintiffs should be placed on notice that their failure to appear for a

deposition within the aforementioned 60-day period shall result in the dismissal of their claims

without the need for any further motion practice.[10]  In addition, if Your Honor decides to adopt

---

[9]To the extent that Your Honor adopts this Report and Recommendation and Defendants object to deposing Mr. Rice's son in lieu of Mr. Rice, they should inform the Court of the basis for their objection within one week of the issuance of Your Honor's decision.

[10]In the event of any Plaintiff's failure to appear, Defendants' counsel shall submit to the Court an affirmation containing the pertinent facts, along with a proposed order of dismissal.

the recommendation of the imposition of a monetary sanction upon Plaintiffs' counsel,[11] then

Defendants' counsel should be ordered to submit to the Court, within 21 days of the date of Your

Honor's decision, an application for the award of its reasonable expenses, including attorneys'

fees, incurred from April 27, 2016, through the completion of motion practice on the instant

motion, i.e., August 23, 2016.

Plaintiffs' counsel is ordered to serve a copy of this Report and Recommendation upon

each of the 25 Plaintiffs named herein and to file an affidavit of service with the Court within 7

days of the date hereof.[12]  The undersigned recommends that Plaintiffs' counsel should be

ordered to do the same with respect to any decision that Your Honor issues on this Report and

Recommendation.

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties

shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d),

or a total of seventeen (17) days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written

objections to this Report and Recommendation.  Such objections, if any, shall be filed with the

Clerk of the Court, with extra copies delivered to the chambers of the Honorable Cathy Seibel, at

the United States District Court, Southern District of New York, 300 Quarropas Street, White

Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later

appellate review of any order of judgment that will be entered.

---

[11]Plaintiffs' counsel shall not pass any of the sanction cost along to his clients.

[12]If the Estate of Clyde Minella elects to contest the recommended dismissal of its claims, it may file objections to this Report and Recommendation.

Requests for extensions of time to file objections must be made to Judge Seibel.

Dated: October 13, 2016
       White Plains, New York

                         Respectfully submitted,

                         Lisa Margaret Smith
                         United States Magistrate Judge
                         Southern District of New York