UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
JOSEPH AMBROSE, *et al.*,

                Plaintiffs,

        -against-                        ORDER ADOPTING REPORT
                                                   AND RECOMMENDATION

CITY OF WHITE PLAINS, *et al.*,              10-CV-4946 (CS)(LMS)

                Defendants.
-----------------------------------------------------x

Seibel, J.

    Before the Court are: 1) Defendants' objections, (Docs. 339-40), to the Report and Recommendation of United States Magistrate Judge Lisa Margaret Smith dated October 13, 2016, ("R&R"), (Doc. 333), on Defendants' motion under Federal Rule of Civil Procedure 37 to strike the complaints and/or dismiss the claims of 25 Plaintiffs, (Doc. 314); and 2) Plaintiffs' opposition to those objections, (Docs. 343-44). The Court assumes the reader's familiarity with the lengthy history of this litigation and the events leading up to the R&R.

    A District Court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). "A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they [*sic*] object." *J.P.T. Automotive, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 659 F. Supp. 2d

350, 352 (E.D.N.Y. 2009). If a party fails to object to a particular portion of a report and recommendation, further review thereof is generally precluded. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002). The court must review *de novo* any portion of the report to which a specific objection is made. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report only for clear error. *Alaimo v. Bd. of Educ.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009). "Furthermore, [even] on *de novo* review, the Court generally does not consider arguments or evidence which could have been, but were not, presented to the Magistrate Judge." *United States v. Vega*, 386 F. Supp. 2d 161, 163 (W.D.N.Y. 2005).

Defendants object to Judge Smith's recommendation that Plaintiffs' counsel pay the reasonable expenses, including attorneys's fees, caused by the failure to abide by her April 27, 2016 discovery orders. Defendants request that the Court modify the sanction to require that Plaintiffs' counsel pay the costs for 23 of the 25 Plaintiffs at issue to travel to this District for depositions, such travel having previously been excused by the Magistrate Judge on grounds of financial hardship via an Order dated April 22, 2016, (Doc. 294). Reviewing *de novo* the portion of the R&R to which Defendants object, I find it appropriate to adopt it. Defendants' request that Plaintiffs' counsel pay the travel costs of the relevant Plaintiffs amounts to a request that I vacate Judge Smith's April 22, 2016 Order, which they never appealed. Further, while Defendants argue that the Plaintiffs themselves are "not without fault," (Doc. 339, at 9, 17), because they misrepresented their means in claiming financial hardship in coming to this District for depositions, the failure to schedule their depositions which was the basis for the instant

motion is unrelated to any such misconduct. The sanction suggested by the Magistrate Judge is thus more closely tailored to the violation.[1]

If Defendants believe that Plaintiffs or their counsel or both were dishonest in litigating the matter that led to Judge Smith's April 22, 2016 order (and there is at least some basis for such a view), they make seek vacatur of the order, sanctions or other appropriate relief before Judge Smith.

I have reviewed the remainder of the R&R as to which no objection was raised, and find no error, clear or otherwise.

For the reasons stated above, I adopt the R&R as the decision of the Court. Defendants' counsel should submit their application for expenses and fees to Judge Smith by December 13, 2016. Plaintiffs may oppose by December 28, 2016. Defendants may reply by January 6, 2017. All Plaintiffs who were the subject of the R&R, except the Estate of Minella, must be deposed by January 23, 2017, or their claims will be dismissed.[2] The burden is on Plaintiffs' counsel to schedule all depositions, on dates mutually agreeable to their clients and Defendants' counsel, no later than December 2, 2016. Further, last-minute travel disruptions or other emergencies will not excuse the failure to conduct all depositions by January 23, 2017, so Plaintiffs' counsel are advised to not to schedule depositions for the last minute. The claims of the Estate of Minella are hereby dismissed. Plaintiffs' counsel are directed to serve a copy of this Order on the 25

---

[1] Judge Smith in the R&R described Plaintiffs' counsel's performance as "inept," (R&R, at 2), "dilatory," (*id*. at 19), and "inadequate," (*id*.). It is hard to disagree. Plaintiffs' counsel have done a disservice to their clients. They should not have taken on this case if they were not equipped to handle it. If they continue to fail to manage this litigation, they may find themselves risking costly repercussions such as additional sanctions or even liability to their own clients.

[2] Defendants may depose Henry Rice, his son or both.

Plaintiffs who were the subject of the motion.  The Clerk of Court is respectfully directed to terminate the pending motion, (Doc. 314).

SO ORDERED.

Dated:  November 22, 2016
       White Plains, New York

                                                                          _____
                                                                           CATHY SEIBEL, U.S.D.J.