UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JOSEPH AMBROSE, *et al.*,                        :
                                                 :
             Plaintiffs,            :
                                                 :      **ORDER**
   -against-                                    :
                                                 :     No. 10-CV-4946 (CS)
CITY OF WHITE PLAINS, *et al.*,                  :
                                                 :
             Defendants.            :
---------------------------------------------------------------X

Appearances
Joseph A. Maria
Frances Dapice Marinelli
Joseph A. Maria, P.C.
White Plains, New York
*Counsel for Plaintiffs*

John M. Flannery
Peter A. Meisels
Lalit K. Loomba
Emily A. Hayes
Wilson, Elser, Moskowitz Edelman & Dicker LLP
White Plains, New York
*Counsel for Defendants*

Richard K. Zuckerman
Matthew J. Mehnert
Lamb & Barnosky, LLP
Melville, New York
*Counsel for Defendants*

Seibel, J.

      Before the Court is Defendants' Motion for Reimbursement of Attorneys' Fees, (Doc.

348), pursuant to Federal Rule of Civil Procedure 37(b)(2)(C) and my Order of November 22,

2016, (Doc. 345), in which I adopted Magistrate Judge Lisa M. Smith's Report &

Recommendation dated October 13, 2016 ("R&R"), (Doc. 333). For the reasons set forth below,

Defendants' Motion for Reimbursement is GRANTED to the extent described herein.

1

I.  **BACKGROUND**

The parties' familiarity with the underlying facts is presumed.

Judge Smith held a discovery conference on April 27, 2016 (the "April 27 Conference"). (Minute Entry Apr. 7, 2016.)  At the conference, Judge Smith directed Plaintiffs' counsel to provide at least three dates for the depositions of four local Plaintiffs by May 6, 2016, and if they were unable to do so, to file a letter by 5:00 pm on that day, to which Defendants could respond by May 11, 2016.  (Doc. 315 Ex. D, at 8-9.)[1]  Judge Smith also ordered Defendants to provide a location for the depositions of twenty-three out-of-state Plaintiffs by May 4, 2016.  (*Id.*) Plaintiffs' counsel was directed to then give three dates for the depositions of each of those twenty-three Plaintiffs no later than May 10, 2016, or make a letter motion to the court.  (*Id.* at 9.)  Failure to do so would result in the Court permitting Defendants to move to dismiss those Plaintiffs from the litigation.  (*Id.* at 9-10.)  At the conclusion of the April 27 Conference, Judge Smith scheduled a follow-up conference for June 24, 2016.  (*Id.* at 11.)

In a letter dated April 29, 2016, Defendants' counsel, in a seventeen-page letter, provided locations for all out-of-state depositions, listed documents Plaintiffs' counsel still needed to provide, and reminded Plaintiffs' counsel that they needed to provide the three alternative deposition dates for the twenty-three out-of-state Plaintiffs by May 10, 2016.  (Doc. 299 Ex. B.) On May 12, 2016, Defendants notified the Court that Plaintiffs had not provided the dates and sought permission to file a motion to dismiss.  (Doc. 299.)

Plaintiffs responded on June 10, 2016, agreeing to withdraw the claims of one of the local Plaintiffs who had not yet been deposed and citing various reasons why two other local Plaintiffs had been unable to attend depositions.  (Doc. 300.)  Plaintiffs also identified documents they had

---

[1] I will refer to Judge Smith's orders at the April 27 court conference collectively as the "April 27 Order."

2

produced between April 27, 2016 and May 6, 2016, and stated that the delay in providing the alternative out-of-state deposition dates was because Plaintiffs' counsel is a small law firm operating without the help of their "chief liaison," who was unable to assist due to injury. (*Id.* at 2.) Plaintiffs' counsel did not provide any proposed dates for the depositions. (*Id.*)

Judge Smith held a second discovery conference on June 24, 2016 (the "June 24 Conference"), by which time Plaintiffs had still failed to provide deposition dates. (R&R 11-12.) Judge Smith granted Defendants permission to file a motion to dismiss the claims of twenty-five Plaintiffs (twenty-three out-of-state and two local). (*Id.* at 11, 13.) Defendants filed such a motion on July 15, 2016. (Doc. 314.)

On October 13, 2016, Judge Smith issued her R&R recommending that Defendants' motion to dismiss be denied for twenty-four of the twenty-five Plaintiffs (all twenty-three out-of-state Plaintiffs and one local Plaintiff), but that "Plaintiffs' counsel should be ordered, pursuant to Rule 37(b)(2)(C), 'to pay the reasonable expenses, including attorney's fees, caused by the failure' to abide by the Court's orders issued during the April 27, 2016[] conference." (R&R 22 (quoting Fed. R. Civ. P. 37(b)(2)(C)).) Judge Smith recommended that "Defendants' counsel . . . be ordered to submit to the Court . . . an application for the award of its reasonable expenses, including attorneys' fees, incurred from April 27, 2016, through the completion of motion practice on the instant motion, *i.e.*, August 23, 2016." (*Id.*)

On October 31, 2016, Defendants filed an objection to the R&R asking the Court to, in lieu of monetary sanctions, require the twenty-three out-of-state Plaintiffs to appear in New York at their counsel's expense. (Doc. 339 at 21.) On November 14, 2016, Plaintiffs opposed Defendants' objection. (Doc. 344.) On November 22, 2016, I adopted the R&R in its entirety without Defendants' proposed modification and directed Defendants to submit an application for

3

reimbursement of their attorneys' fees. (Doc. 345 at 2-3.) On December 13, 2016, Defendants filed the instant motion. (Doc. 348.)

Defendants are requesting an award in the amount of $26,457: $22,532 for Wilson, Elser, Moskowitz Edelman & Dicker LLP ("Wilson Elser") and $3925 for Lamb & Barnosky, LLP ("L&B"), based on a total of 113.2 hours of work, as demonstrated in their billing records. (Ds' Mem. 7.)[2] For Wilson Elser, this represents work by two partners (totaling $12,800 for 51.2 hours of work at $250 per hour), one counsel (totaling $8600 for 34.4 hours of work at $250 per hour), one associate (totaling $324 for 1.8 hours of work at $180 per hour), and one paralegal (totaling $808 for 10.1 hours of work at $80 per hour). (*Id*. at 7-9.) For L&B, this represents work by one partner (totaling $200 for 0.8 hours of work at $250 per hour) and one associate (totaling $3725 for 14.9 hours of work at $250 per hour). (*Id.* at 9-10.)

## II. DISCUSSION[3]

The Court has the discretion to determine a reasonable fee award under Rule 37(b)(2)(C). *See Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991). As a general matter, the "starting point" in analyzing whether the requested attorney's fees are appropriate is "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (lodestar calculation creates "presumptively reasonable fee") (internal quotation marks omitted); *see*

---

[2] "Ds' Mem." refers to the Memorandum of Law in Support of Defendants' Fee Application. (Doc. 354.)

[3] Plaintiffs urge the Court to exercise its discretion and not impose attorneys' fees. (Memorandum of Law in Opposition to Defendants' Fee Application ("Ps' Mem."), (Doc. 361), 5-7.) But that ship has sailed. (Doc. 345 at 3.) Before I adopted the R&R, Plaintiffs opposed Defendants' objection to it, but they did not object to the imposition of the attorneys' fees sanction and asserted that the R&R should be upheld in full. (Doc. 344 at 9.) I thereafter adopted the R&R, including its recommendation that the fee sanction be imposed. (Doc. 345 at 2-3.) In any event, Plaintiffs provide no legitimate excuse for their failure to comply with the April 27 Order or any reason why an award of expenses is unjust, and the R&R more than adequately explained why such a sanction is appropriate.

4

*Edmonds v. Seavey*, No. 08-CV-5646, 2009 WL 1598794, at *2 (S.D.N.Y. June 5, 2009) (applying lodestar calculation in fee award as sanction for discovery abuse), *aff'd*, 2009 WL 2150971 (S.D.N.Y. July 20, 2009). "The party seeking fees bears the burden of demonstrating that its requested fees are, in fact, reasonable." *Skanga Energy & Marine Ltd. v. Arevenca S.A.*, No. 11-CV-4296, 2014 WL 2624762, at *3 (S.D.N.Y. May 19, 2014); *see Blum v. Stenson*, 465 U.S. 886, 897 (1984). The party making the fee application is required to "submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433. This includes the submission of contemporaneous billing records. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983) ("[C]ontemporaneous time records are a prerequisite for attorney's fees in this Circuit").

### A. Reasonable Hourly Rate

In determining whether an hourly rate is reasonable, courts compare the attorneys' usual billing rates with the prevailing market rates in the applicable district. *See Brady v. Wal-Mart Stores, Inc.*, No. 03-CV-3843, 2010 WL 4392566, at *2-3 (E.D.N.Y. Oct. 29, 2010). A reasonable hourly rate is the rate a "reasonable, paying client would be willing to pay." *Arbor Hill*, 522 F.3d at 184. "[T]he Court may rely on its own knowledge of comparable rates charged by lawyers" in the community, *Morris v. Eversley*, 343 F. Supp. 2d 234, 245 (S.D.N.Y. 2004) (internal quotation marks omitted), as well as on "evidence proffered by the parties," *Farbotko v. Clinton Cty.*, 433 F.3d 204, 209 (2d Cir. 2005).

Here, Wilson Elser charges its municipal clients $250 per hour for partners and counsel, $180 per hour for associates, and $80 per hour for paralegals, considerably below their usual fees. (Ds' Mem. 3.) L&B charges $250 per hour for each lawyer, also discounted for a municipal client. (*Id.*) Plaintiffs do not dispute, and I find, that Defendants' attorneys' rates are

5

reasonable.  *See Recca v. Asset Maximization Grp., Inc.*, No. 15-CV-7667, 2016 WL 1275052, at *2-3 (S.D.N.Y. Mar. 31, 2016) (awarding rate of $350 an hour and collecting cases); *Zimmerman v. Portfolio Recovery Assocs., LLC*, No. 09-CV-4602, 2013 WL 6508813, at *8 (S.D.N.Y. Dec. 12, 2013) (awarding rate of $300 an hour and collecting cases).

### B. Reasonable Number of Hours

Plaintiffs make two primary arguments as to why the requested fees are excessive.  First, Plaintiffs argue that Defendants improperly included charges that do not fall within the scope of the Court's Order.  (Ps' Mem. 9-14.)  Second, Plaintiffs argue that certain fees are "excessive, redundant and unnecessary."  (*Id.* at 14-23.)

#### 1. Scope of Award

Relying on the R&R's language that Defendants should submit "an application for the award of its reasonable expenses, including attorneys' fees, incurred from April 27, 2016, through the completion of motion practice on the instant motion, *i.e.*, August 23, 2016," (R&R 22), Defendants seek reimbursement for all discovery-related tasks billed during that period.  But the R&R makes clear, in the preceding paragraph, that Defendants were authorized to seek "the reasonable expenses, including attorneys' fees, caused by the failure to abide by the Court's orders issued during the April 27, 2016, conference."  (*Id.*)  It went on to specify that "Defendants may recover expenses incurred as a result of the failure of these 24 Plaintiffs to comply with the Court's April 27 orders concerning the scheduling of their depositions."  (*Id.*)  It is thus plain that the later reference to the time frame of April 27 through August 23 was not authorization for all fees (or even all discovery-related fees) incurred within those dates, but only those fees "caused by the failure to abide by the Court's orders issued during the April 27, 2016[] conference."  (*Id.* (internal quotation marks omitted).)

6

*Tasks Related to April 27 Conference*

Time spent travelling to and from the April 27 Conference, summarizing the conference, and performing work necessary to comply with the April 27 Order did not result from Plaintiffs' failure to obey the Order. Rather, these costs were a result of the April 27 Conference and the April 27 Order themselves: Judge Smith required Defendants to provide locations for the out-of-state depositions and to coordinate with Plaintiffs regarding their outstanding discovery responses. (Doc. 315 Ex. D, at 9 ("The discovery responses that are missing or purportedly missing from the 23 plaintiffs, counsel should confer with one another so you're absolutely certain that you know what you're talking about so that plaintiffs can make sure to fill in the missing pieces . . . .").) That Defendants helpfully prepared a letter for Plaintiffs outlining the outstanding discovery responses does not mean that that work was "caused by [Plaintiffs'] failure to obey" the April 27 Order.[4] Therefore, Wilson Elser's billing entries for April 27, 2016 through April 29, 2016, which total $2017, and L&B's billing entries for April 27, 2016 through the second May 11, 2016 entry, which total $1200, should be excluded from Defendants' award.[5]

Plaintiffs next correctly argue that three of Wilson Elser's entries[6] – covering time spent on May 4-6 on correspondence regarding Plaintiffs' availability and in analyzing Plaintiffs' compliance with the April 27 Order – do not arise from Plaintiffs' "failure to comply." (Ps' Mem. 15.) Plaintiffs had until May 6, 2016 to provide the dates on which the local Plaintiffs could appear for depositions or file a letter explaining why they could not do so, (Doc. 315 Ex.

---

[4] The Court does not mean, however, to suggest that it should be necessary for one side to inform the other as to the status of the latter's discovery responses.

[5] Because I am excluding these amounts as being outside the scope of the R&R, I need not discuss Plaintiffs' argument, (Ps' Mem. 11), that the time spent investigating locations for depositions, drafting the seventeen-page letter, or travelling to and from the April 27 Conference was excessive or that the tasks were clerical in nature.

[6] Time entries dated May 4, 2016, May 5, 2016, and May 6, 2016, totaling $100 for 0.4 hours worked. (Doc. 349 Ex. A, at 2.)

D, at 8), so they were not yet out of compliance. Further, the first two of three entries stem from Plaintiffs' attempt to comply with the April 27 Order, and while it is unclear to what the third – "analysis re status of plaintiffs' compliance with Magistrate Smith's rulings at April 28 [*sic*] conference" – specifically related, the work predated an actual failure to comply. Vague time entries "prevent[] the Court . . . from independently assessing whether the time spent on each task was reasonable and necessary." *Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 188 F. Supp. 3d 333, 344 (S.D.N.Y. 2016). Accordingly, I will exclude $100, corresponding to these three entries, from Defendants' total award.

Plaintiffs next argue that several of Wilson Elser's time entries from May 11, 2016 through June 24, 2016 do not relate to Plaintiffs' counsel's failure to comply with the April 27 Order. (Ps' Mem. 16.)[7] An analysis of these entries, however, clearly indicates that they do: each has to do with preparing correspondence to the Court regarding whether Defendants' should be permitted to move to dismiss as a result of Plaintiffs' noncompliance with the April 27 Order. I therefore decline to exclude these entries.

*June 24 Conference*

Plaintiffs argue that the preparation for and attendance at the June 24 Conference should be excluded because the conference "was not a consequence of Plaintiffs' failure to provide

---

[7] Plaintiffs also argue that these entries "consist in part of block-billing making it difficult to determine the reasonableness of the time spent on each of individual services or tasks provided." (Ps' Mem. 16.) "Block-billing, the practice of aggregating multiple tasks into one billing entry, is not prohibited," but "can make it exceedingly difficult for courts to assess the reasonableness of the hours billed." *LV v. N.Y.C. Dep't of Educ.*, 700 F. Supp. 2d 510, 525 (S.D.N.Y. 2010) (citation and internal quotation marks omitted). Although block billing is generally disfavored, "it is most problematic where large amounts of time (*e.g.*, five hours or more) are block billed, thereby meaningfully clouding a reviewer's ability to determine the projects on which significant legal hours were spent." *Congregation Rabbinical Coll. of Tartikov*, 188 F. Supp. 3d at 343 (alteration and internal quotation marks omitted). While these entries are block billed, the highest block is 2.7 hours, with every other entry being less than two hours. (Doc. 349 Ex. A, at 2-3.) Each entry "contain[s] sufficient detail and specificity so as to afford reasonable confidence that the time billed was productively spent, even if it is impossible to reconstruct the precise amounts of time allocable to each specific task listed in the block entry." *Congregation Rabbinical Coll. of Tartikov*, 188 F. Supp. 3d at 343. A reduction is therefore not warranted because of Defendants' use of block billing.

deposition dates." (Ps' Mem. 18-19.) I agree in part. The parties would have attended the Conference regardless of whether Plaintiffs had complied with the April 27 Order. Therefore, Wilson Elser's time spent traveling to and from and attending the conference – three hours totaling $750, (Doc. 349 Ex. A, at 2-3) – should be excluded.[8]

As to Defendants' preparation for the Conference, they presumably would have spent some time preparing even if Plaintiffs had complied with the April 27 Order. But Plaintiffs' noncompliance likely resulted in a significantly higher degree of necessary preparation. Because the Court cannot determine exactly how much time Defendants would have spent preparing for the June 24 Conference if Plaintiffs had fully complied, I will exercise my "discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming the fat from [a] fee application." *Congregation Rabbinical Coll. of Tartikov*, 188 F. Supp. 3d at 344 (internal quotation marks omitted). "Fee reductions around 30% are . . . common in this District to reflect considerations of whether work performed was necessary, leanly staffed, or properly billed." *Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 57 (S.D.N.Y. 2015). I find a 20% reduction is appropriate. There are two time entries that specifically mention preparing for the June 24 Conference in Wilson Elser's records, both dated June 23, 2016. Accordingly, a 20% reduction of the 4.4 hours that counsel spent preparing for the June 24 Conference results in a reduction of $220.

*Post-June 24 Conference*

Plaintiffs argue that several entries following the June 24 Conference are also unrelated to Plaintiffs' failure to comply with the April 27 Order. (Ps' Mem. 19-20.)[9] I disagree. Each of

---

[8] L&B did not charge for attending the conference.

[9] Wilson Elser time entries dated June 24, 2016 through June 29, 2016, totaling $625 for 2.9 hours worked, and L&B time entry dated June 24, 2016 equaling $25 for 0.1 hour worked.

9

...
...
...

these entries (excluding Defendants' travel to and from the June 24 Conference) directly relate to either Plaintiffs' failure to provide availability for depositions for the out-of-state Plaintiffs or reviewing and analyzing correspondence to and from the Court and opposing counsel regarding the same.  I therefore decline to exclude these entries.

### 2. Excessive, Redundant, and Unnecessary Work

To determine whether the number of hours expended by Defendants' counsel is reasonable, "[t]he critical inquiry is whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Flores v. J & B Club House Tavern, Inc.*, No. 10-CV-4332, 2012 WL 4891888, at *5 (S.D.N.Y. Oct. 16, 2012) (internal quotation marks omitted).  To make this determination, the Court looks to (1) contemporaneous time records maintained by attorneys and (2) "its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties."  *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992) (internal quotation marks omitted).  Contemporaneous time "records should specify, for each attorney, the date, the hours expended, and the nature of the work done." *Carey*, 711 F.2d at 1148.  The Court may consider the complexity and novelty of the issues in determining the reasonableness of the number of hours claimed, *Millea*, 658 F.3d at 167, and "should exclude excessive, redundant or otherwise unnecessary hours," *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999).  "Percentage cuts [are] a practical means of trimming fat from a fee application" when it contains "excessive and duplicative hours."  *Carey*, 711 F.2d at 1146.

Plaintiffs argue that many of Defendants' counsel's specific fee requests are "inappropriate, unreasonable and excessive," (Ps' Mem. 4), mostly due to inordinate time spent on "extraneous matters" and the motion to dismiss, (*id.* at 14).

10

*Defendants' Letter to Judge Smith*

Plaintiffs argue that 3.3 hours spent on Defendants' two-page letter to the Court explaining that Plaintiffs had failed to comply with the April 27 Order, (Doc. 299), was excessive, (Ps' Mem. 16-17). While that figure may be on the high end of reasonable, I find that taking a few hours to prepare and finalize such a letter is not too much given the need to be precise about the details. Plaintiffs contend that this letter is "a cut-and-paste of earlier correspondence." (*Id.*) But a comparison of the two letters reveals that their contents are different: the first is a lengthy list of outstanding documents owed by dozens of Plaintiffs and a list of deposition locations for the twenty-three out-of-state Plaintiffs, (Doc. 299 Ex. B), while the second is a two-page letter updating the Court on the status of the outstanding discovery issues, (Doc. 299). Moreover, Plaintiffs object that "[a]n additional two hours amounting to a charge of $400 [were] spent reviewing Plaintiffs' attorneys' correspondence regarding discovery issues that are fully complied with." (Ps' Mem. 17.) But within these 2.1 hours, Defendants' counsel reviewed Plaintiffs' letter, strategized among themselves, conferred with the client and analyzed options. I do not find this unreasonable.

*L&B's Entries*

Plaintiffs argue that several of L&B's entries between May 9, 2016 and June 24, 2016 are redundant of work performed by Wilson Elser. (Ps' Mem. 17-18.) While a party generally ought not be compensated for "redundant, or otherwise unnecessary" hours, *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal quotation marks omitted), I do not find these charges to be redundant; they are necessary costs of communicating and coordinating with co-counsel. It was legitimate for co-counsel to coordinate, send and review emails, and discuss whether and how Plaintiffs were out of compliance with the April 27 Order. And it is not

unreasonable for Defendants to involve both their longtime labor counsel as well as a litigation firm in a case like this one. Additionally, as Defendants point out, the time records Plaintiffs contest are mostly 0.1 hour entries, with no entry exceeding 0.9 hours. (Ds' Reply 8; Ps' Mem. 17-18.)[10] Moreover, the lengthier tasks L&B performed – such as "analysis of potential motion to dismiss based upon plaintiffs' failure to comply with discovery order," (Doc. 350 Ex. B, at 1) – are surely appropriate, as such an analysis is needed to proceed with such a motion.

*Motion to Dismiss*

Finally, Plaintiffs object to the time Defendants spent on their motion to dismiss. (Ps' Mem. 20-23.) Defendants are seeking fees for 32.1 hours spent preparing the motion to dismiss, and 44.9 hours spent reviewing Plaintiffs' opposition and preparing the reply. (*Id.*)[11]

The Court may consider the complexity and novelty of the issues in determining the reasonableness of the number of hours claimed. *Millea*, 658 F.3d at 167. I agree with Plaintiffs that a total of seventy-seven hours is excessive given the relatively straightforward nature of the motion to dismiss. Defendants' opening brief is ten pages long, only three pages of which is substantive legal argument under Rule 37(b), (Doc. 316 at 7-10), and their reply brief spends only seven of nine pages on legal argument, (Doc. 328 at 2-9). While I recognize that Defendants included an eleven-page supporting affidavit with eight exhibits and had to review the twenty-one pages of Plaintiffs' brief and over 500 pages of attachments to prepare for their reply, the overall effort does not warrant seventy-seven hours of work. *See Local Union No. 40 of the Int'l Ass'n of Bridge v. Car-Win Const.*, 88 F. Supp. 3d 250, 281-82 (S.D.N.Y. 2015) (35.4

---

[10] "Ds' Reply" refers to the Reply Memorandum of Law in Further Support of Defendants' Fee Application. (Doc. 365.)

[11] Plaintiffs calculate that defense counsel spent 32.6 hours on the opening brief, (Ps' Mem. 21), but the Court's calculation is 32.1 hours. Plaintiffs claim Defendants spent 52.9 hours reviewing Plaintiffs' opposition and preparing the reply brief, (Ps' Mem. 22), but the Court calculates 44.9 hours, (Doc. 349 Ex. A; Doc. 350 Ex. B).

hours of work on motion for default judgment pursuant to Rule 37 was reasonable because it mostly included time spent on legal research and drafting initial and reply memoranda, along with other related motion papers); *Ashkinazi v. Sapir*, No. 02-CV-2, 2005 WL 1123732, at *2 (S.D.N.Y. May 10, 2005) (thirty-three hours of work on a motion for sanctions pursuant to Rule 37(b) was reasonable); *Auscape Int'l v. Nat'l Geographic Soc'y*, No. 02-CV-6441, 2003 WL 21976400, at *4-5 (S.D.N.Y. Aug. 19, 2003) (seven attorneys working on Rule 37(b) motion for sanctions justified reducing fees sought by 20% because discovery dispute at issue was specific and narrow, dispute did not involve multiple distinct legal issues, and amount of attorneys led to inefficiencies from over-staffing and excessive time), *aff'd*, 2003 WL 22244953 (S.D.N.Y. Sept. 29, 2003). Exercising my discretion, I find that Defendants' fees are subject to a 30% deduction,[12] *see Beastie Boys*, 112 F. Supp. 3d at 57, of the seventy-seven hours spent drafting their opening and reply briefs on the motion to dismiss.[13]

Accordingly, fees will be awarded as follows:

**Attorneys' Fees for Wilson Elser**

| | |
|---|---|
| **Amount Requested** | **$22,532** |
| Subtractions | $2017 (exclusion of time spent complying with April 27 Order) |
| | $100 (exclusion of vague entry) |

---

[12] The deduction applies to the following Wilson Elser entries: on June 27, 2016 for 2.4 hours of work for a total of $600; two entries on June 29, 2016 for 2.4 hours of work for a total of $600, (Doc. 349 Ex. A, at 3); and all entries from July 5, 2016 through August 22, 2016 for 66.9 hours for a total of $16,990. A 30% reduction of that number comes to $5097, for an amended total of $11,893. The deduction also applies to L&B's entries from August 8, 2016 through August 17, 2016 for 4.5 hours for a total of $1125. A 30% reduction of that number comes to $337.50, for an amended total of $787.50.

[13] Plaintiffs argue that if the award were not entirely eliminated, it should be reduced to $3700. (Ps' Mem. 24.) This would amount to an 86% reduction. Plaintiffs provide no legal or practical justification for why the Court should reduce Defendants' award so drastically, nor can the Court conceive of one.

|  |  |
|---|---|
|  | $220 (20% reduction for time spent preparing for June 24 Conference) |
|  | $750 (20% reduction of time spent attending June 24 Conference) |
|  | $5097 (30% reduction for time spent preparing motion to dismiss and reply briefs and accompanying documents) |
| **Awarded** | **$14,348** |

**Attorneys' Fees for Lamb & Barnosky**

|  |  |
|---|---|
| **Amount Requested** | **$3925** |
|  | $1200 (exclusion of time spent attending April 27 Conference and complying with April 27 Order) |
| Subtractions | $337.50 (30% reduction for time spent preparing motion to dismiss and reply briefs and accompanying documents) |
| **Awarded** | **$2387.50** |

### III. CONCLUSION

For the reasons stated above, Defendants' Fee Application is GRANTED to the extent that Plaintiffs' counsel shall pay Wilson, Elser, Mostowitz, Edelman & Dicker $14,348 and shall

pay Lamb & Barnosky, LLP $2,387.50.[14]  The Clerk of the court is respectfully directed to terminate the pending motion.  (Doc. 348.)

**SO ORDERED.**

Dated: April 28, 2017
       White Plains, New York

                                                _____
                                                   CATHY SEIBEL, U.S.D.J.

---

[14] If Defendants have already paid counsel for these expenses, those firms shall either remit those funds to their clients or credit them to their clients' accounts, as the client prefers.